# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THYRONE DESHAWN EVANS,

        Defendant-Appellant.

UNPUBLISHED
September 27, 2016

No. 324460
Wayne Circuit Court
LC No. 13-009779-FC

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).


After briefs were filed in this case, our Court issued its decision in *People v Agar*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 321243). In *Agar*, the defendant was convicted of distributing child sexually abuse material and possessing child sexually abusive material. Before trial, he moved for public funds so that he could retain his own computer forensics expert, but he was unable to articulate what he expected the expert to say. *Id*. at ___; slip op 2-3. This Court nevertheless concluded that the defendant had met his burden of establishing a nexus between the facts of the case and the need for an expert, in part because of defense counsel's "admission that he needed help in understanding the technical issues at play[.]" *Id*. at ___; slip op 2-3. This Court noted that "the defense would have benefited from adequately educated counsel, even in the examination of the people's expert." *Id*. at ___; slip op 3. Similarly, in this case defense counsel was unable to articulate what he expected a ballistics expert to say and he expressed a need to consult an expert in order to understand the science. I would conclude that, under the circumstances, defense counsel established a sufficient nexus between the facts and the need for the appointment of an expert. This case involves two people firing guns, defendant from inside a car and an unknown third party from outside and behind the car. The police located two different caliber bullets but could not determine which bullet struck the victim. At minimum, consultation with an independent ballistics expert could have better prepared defense counsel for cross examination of the prosecution's witness, and it may have provided exculpatory evidence. Accordingly, I would remand this case to the trial court to allow defendant to obtain funds for retaining such an expert and, if he chooses, to move for a new trial based upon the testimony or affidavit from such an expert.


        /s/ Douglas B. Shapiro

-1-